# Court of Appeals
# of the State of Georgia

ATLANTA,  July 29, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2053. BENJAMIN SETH RAMEY v. THE STATE.**

In November 2025 a jury found Benjamin Seth Ramey guilty of battery. Ramey, who was represented by counsel, filed a pro se notice of appeal on February 23, 2026. Following a sentencing hearing, the trial court entered judgment on the jury's verdict on February 26, 2026, sentencing Ramey to 12 months in jail. Ramey's attorney filed a timely motion for a new trial on March 25, 2026. On April 20, 2026, Ramey filed an amended notice of appeal and "withdrawal of motion for new trial previously filed by defense counsel." The case was then transmitted to this Court, where it was docketed as the current appeal. The State has moved to dismiss the appeal, arguing that Ramey's decision to omit the trial transcript from the appellate record has left it unable to address Ramey's appellate arguments. We grant the motion to dismiss, although not for the reason argued by the State. Rather, we find that this appeal is premature.

At the time Ramey filed his notice of appeal, his amended notice of appeal, and his purported withdrawal of his new trial motion, he was represented by counsel. In *Johnson v. State*, 315 Ga. 876, 889(3) (885 SE2d 725) (2023), our Supreme Court overruled prior case law holding that pro se filings by a counseled defendant were per se invalid and ineffective. Instead, *Johnson* held that a trial court has the discretion to treat such filings as effective by allowing a hybrid representation by both a defendant acting pro se and his counsel of record. 315 Ga. at 890–91(4). The *Johnson* court also made clear, however, the expectation "that courts will exercise discretion to recognize pro se filings by counseled defendants sparingly," because allowing "hybrid

representation usually creates more problems than it can solve[.]" Id. at 890(4) (citation and punctuation omitted). Consequently, in those cases where the trial court decides to permit hybrid representation, the court should make that decision "clear on the record." Id. at 891(4). And "unless the record indicates that the court recognized the [pro se] filing, it will be presumed that the court did not do so." Id.

Here, there is nothing in the trial court record showing that the lower court made an affirmative decision to recognize Ramey's pro se filings.[1] Additionally, nothing in the current record shows that the trial court ruled on or otherwise disposed on Ramey's motion for new trial. Accordingly, the case remains pending below, and this appeal is premature. See *Porter v. State*, 367 Ga. App. 70, 72(1) & n.9 (885 SE2d 51) (2023) (the pendency of a motion for new trial divests the appellate court of jurisdiction, absent compliance with the interlocutory appeal procedure of OCGA § 5-6-34(b)); *Hann v. State*, 292 Ga. App. 719, 720(1) (665 SE2d 731) (2008) (same). The fact that Ramey filed a pro se withdrawal of his motion for new trial does not change this analysis, as the court never ruled on that attempted withdrawal. See *Heard v. State*, 274 Ga. 196, 197–98(1) (552 SE2d 818) (2001) (holding that the trial court must grant, deny, or otherwise finally dispose of a motion for new trial to start the appellate clock under OCGA § 5-6-38(a)).

---

[1] The fact that the clerk of the trial court transmitted the case to this Court does not demonstrate an affirmative decision by the trial court. Instead, given the current record, we assume that the transmission of the appeal resulted from an administrative decision.

Given that the case remains pending below, we GRANT the State's motion and this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,_____07/29/2026_____

     I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

     Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.